**UNITED STATES of America, Plaintiff,**

v.

**SIMON WRECKING, INC. and Simon Resources, Inc., Defendants.**

**Civil Action No. 06–928.**

United States District Court, E.D. Pennsylvania.

Jan. 10, 2007.

Marilyn S. May, U.S. Attorney's Office, Philadelphia, PA, Robert Lefevre, U.S. Dept. of Justice, Washington, DC, for Plaintiff.

Philip L. Hinerman, Fox Rothschild LLP, Philadelphia, PA, Sharon Oras Morgan, Fox Rothschild, LLP, Wilmington, DE, for Defendants.

## ORDER AND EXPLANATION

ANITA B. BRODY, District Judge.

This *9th* day of *January*, 2007, **IT IS ORDERED:** Defendants' Motion to Dismiss (docket entry # 8) is **DENIED.**[1]

1. The United States sued defendants Simon Wrecking and Simon Resources ("Simon") under CERCLA sections 107 and 113, seeking to recover past and future response costs incurred by the United States at the Malvern/Chemclene Superfund Site. The United States had previously sued another group of defendants (the "Chemclene Site Defense Group," or "CSDG") over pollution at the same site. The CSDG settled with the United States and entered into a consent decree obligating the CSDG to perform cleanup remedial action at the site and reimburse the government for oversight costs. Exercising its rights under CERCLA, the CSDG then sued Simon for contribution to consent decree the cleanup costs ("The Contribution Case"). Simon lost the Contribution Case after a bench trial and was required to pay a percentage of the cleanup costs the CSDG would incurred in complying with the consent decree. After the Contribution Case went to trial, the United States initiated the present CERCLA suit against Simon. Simon has moved to dismiss on mootness, res judicata, and collateral estoppel grounds, arguing that the CSDG consent decree and the subsequent Contribution Case have given the United States complete relief for the Malvern Site and have determined the complete extent of Simon's liability.

"Claim preclusion [formerly known as res judicata] prevents a party from prevailing on issues he might have but did not assert in the first action … In issue preclusion [formerly known as collateral estoppel], however, the earlier judgment forecloses only a matter actually litigated and essential to the decision." *Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir. 1988). Neither the Contribution Case nor the CSDG consent decree settled or could have settled an "issue" in a way that bars the United States from going forward. The United States primarily seeks reimbursement for costs not covered by the CSDG consent decree and the related Contribution Case. CERCLA section 113 contemplates that a consent decree will not affect the liability of nonsettling parties for any uncovered costs: "If the United States or a State has obtained less than complete relief from a person who has

resolved its liability to the United States or the State in an administrative or judicially approved settlement, the United States or the State may bring an action against any person who has not so resolved its liability." 42 U.S.C. 9613(f)(3)(A); *see also* 42 U.S.C. § 9622(c)(2). Even a consent decree that purports to cover the entire costs of remediating a site will not be considered "complete relief" under section 113 because there is always a chance that the work will not actually be completed by the settling parties. *United States v. Occidental Chem. Corp.*, 200 F.3d 143, 149–50 (3d Cir.1999).

Because the United States still has claims to assert against Simon Wrecking this action is not precluded or moot. (Whether Simon is precluded from relitigating its own liability is not addressed in this Order.) Simon's motion to dismiss is accordingly denied in its entirety.